# EXHIBIT 1

Form 501

# SUBPOENA
## STATE OF VERMONT

SUPERIOR COURT
CHITTENDEN        Unit

Docket No.  617-6-15 Cncv

| Plaintiff JACOB R. KENT, ET AL. | Defendant R.L. VALLEE, ET AL. |
|---|---|
| | v. |

Type of Case:  (Check one):

☐ Criminal  ☒ Civil  ☐ Small Claims  ☐ Domestic Relations  ☐ Juvenile  ☐ Inquest  ☐ Grand Jury  ☐ Probate

To: Name and Address of Person  David Mclean, Office of Senator Bernard Sanders, 1 Church St., Burlington, VT 05401

You are directed to appear at the: Superior Court:

☒ Civil Division ☐ Criminal Division ☐ Family Division ☐ Probate Division

☐ other:                                                                    located at:

| Street Address DOWNS RACHLIN MARTIN 199 MAIN STREET P.O. BOX 190 | Town/City BURLINGTON, VT 05402 | Date MONDAY, Dec. 3, 2018 on | Time 9:00 a.m. p.m. |
|---|---|---|---|

for a ☐ trial        ☐ hearing        ☒ deposition

☒ to attend and give testimony

☒ to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, documents, or tangible things in your possession, custody or control.  SEE ATTACHED "SCHEDULE A".

☐ to permit inspection of the premises

☐ other: _____

| Signature: Clerk - Attorney - Notary Public - Magistrate | Date 11/9/18 |
|---|---|

This subpoena was requested by:  ☐ Plaintiff  ☐ State's Attorney  ☐ Defendant  ☐

If you have any questions, please contact

| Person Requesting Subpoena TRISTRAM COFFIN, DOWNS RACHLIN MARTIN | at | Telephone Number 802-863-2375 |
|---|---|---|

Please bring a copy of this subpoena to the hearing.

See Important Notice on the Other Side of this Subpoena.

## RETURN OF SERVICE

NOTICE:  A Subpoena may be served by any person who is not a party and is not less than 18 years of age.

On | Date of Service | I served this subpoena upon | Name

by:

at: | Location: City/Town | Unit

| Miles | $ | | |
|---|---|---|---|
| Reading | $ | Signature | Title |
| Copies | $ | | |
| **Total** | $ | | |

Copy 1 - Court        Copy 2 - Witness        Copy 3 - Officer/Server

5/12 SML

V.R.C.P. 45. SUBPOENA

\* \* \* \*

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court for which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises —or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to the requested production or to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court for which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court for which a subpoena was issued shall quash or modify the subpoena if it

   (i)    fails to allow reasonable time for compliance;

   (ii)   requires a resident of this state to travel to attend a deposition more than 50 miles one way unless the court otherwise orders; requires a nonresident of this state to travel to attend a deposition at a place more than 50 miles from the place of service unless another convenient place is fixed by order of court; or

   (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv)  subjects a person to undue burden.

(B) If a subpoena

   (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 50 miles one way to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(1). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Schedule A
To Subpoena to Daniel McLean
(Documents to be Produced)

For the time period January 1, 2009 to September 22, 2015, please produce the following documents in your ownership or control, whether or not the documents are in your custody or the custody of another person or entity.

Documents include emails and enclosures, text messages, and notes of telephone conversations as well as hard copy documents. Emails and texts include both governmental accounts and personal accounts.

Documents:

1.      All documents and communications with, concerning or regarding any of the following:

R.L. Vallee, Maplefields, and/or Rodolphe ("Skip") Vallee;

competition or lack of competition in the gasoline business;

collusion or cooperation in the gasoline business;

investigations or possible or planned investigations concerning any of the foregoing;

legislative hearings or possible or planned hearings concerning any of the foregoing;

meetings concerning any of the foregoing;

the Federal Trade Commission (FTC) regarding gas prices in Vermont;

the United States Department of Justice (DOJ) regarding gas prices in Vermont;

the Bailey & Glasser LLP law firm or any of its attorneys;

the Burlington Law Practice or Josh Simonds, Esq.;

Costco Wholesale Corporation (Costco);

lawsuits or possible or planned lawsuits concerning any of the foregoing;

Jacob R. Kent, Anne B. Vera, Thomas R. Mahar, Dawn M. Mahar, David C. Carter, or Barbara Carter;

1

2. All documents and communications about press conferences, press releases or public statements concerning gasoline prices or pricing or competition or collusion or cooperation.

3. All documents and communications with legislators or elected or public officials concerning gasoline prices or pricing, gasoline competition or collusion or cooperation, Rodolphe ("Skip") Vallee, R.L. Vallee, or Maplefields, Champlain Oil Company, Tony Cairns, S.B. Collins Co., Bruce Jolley, Wesco, Champlain Farms or David Simendinger concerning any of the foregoing.

4. All documents and communications about lawsuits or planned or possible lawsuits about any aspect of gasoline prices or pricing or competition or collusion or cooperation.

5. All documents and communications with lawyers or law firms about gasoline prices or pricing or competition or collusion or cooperation, or about lawsuits or potential lawsuits concerning any of the foregoing, including but not limited to any electronic logs or electronic or hard copy notes indicating oral communications with any lawyers or employees of these firms.

6. All documents and communications with or about the law firm Bailey & Glasser LLP or any of its lawyers, including but not limited to any electronic logs or electronic or hard copy notes indicating oral communications with any lawyers or employees of this firm.

7. All documents and communications with or about the law firm The Burlington Law Practice, PLLC or any of its lawyers, including Josh Simonds, Esq. including but not limited to any electronic logs or electronic or hard copy notes indicating oral communications with any lawyers or employees of this firm.

8. All documents and communication with or about Jacob R. Kent, Anne B. Vera, Thomas R. Mahar, Dawn M. Mahar, David C. Carter, or Barbara Carter.

9. All documents and communications with or about potential plaintiffs in any lawsuit, concerning any of the topics in Request No. 1, above.

10. All documents and communications with or about William Sorrell, concerning any of the topics in Request No. 1, above.

11. All documents and communications with or about Dean Corren, concerning any of the topics in Request No. 1, above.

12. All documents and communications with or about Ryan Kriger, concerning any of the topics in Request No. 1, above.

13. All documents and communications with or about Wendy Morgan, concerning any of the topics in Request No. 1, above.

14. All documents and communications with or about Jill Abrams, concerning any of the topics in Request No. 1, above.

15. All documents and communications with or about William Griffin, concerning any of the topics in Request No. 1, above.

16. All documents and communications with anyone in the Vermont Attorney General's office, concerning any of the topics in Request No. 1, above.

17. All documents and communications with or about Richard Mazza, concerning any of the topics in Request No. 1, above

18. All documents and communications with or about R.L. Vallee, Inc., S.B. Collins, Inc., Champlain Oil Co., Inc. or Wesco, Inc.

19. All documents and communications about gasoline prices or pricing or completion or collusion or cooperation, with federal government employees or officials, including but not limited to any United States Senator or any member of their staff, and including, but not limited to, the Federal Trade Commission (FTC).

20. All documents and communications with United States Senator Bernard Sanders's office, including but not limited to Senator Bernard Sanders, Jane Sanders, Philip Fiermonte, Daniel McLean, Warren Gunnels, and/or Michael Briggs, concerning any of the topics in Request No. 1, above.

21. All documents and communications regarding the possible 2012 or 2018 United States Senate candidacy of Rodolphe ("Skip") Vallee or James Douglas with anyone in United States Senator Bernard Sanders' office, Jane Sanders, or any campaign staff or representatives.

22. All documents and communications with members of any media, concerning any of the topics in Request No. 1, above

23. All documents and communications with Costco Wholesale Corporation (Costco) or its employees, agents, lawyers, or representatives.

24. All documents and communications regarding Costco Wholesale Corporation (Costco) with the Vermont District Environmental Commission or any commission representatives, or other members of agencies or bodies involved in permitting or regulating Costco gas stations or gas pumps.

25. All documents and communications related to a meeting or meetings with Senator Bernard Sanders' Office, and/or Bailey & Glasser, and/or the Vermont Attorney General's Office, on or about September 23-25, 2014.

3

26. All documents and communications related to a meeting or meetings with Bailey & Glasser and/or the Vermont Attorney General's Office on or about August 6, 2015.

27. All documents and communications related to a meeting or meetings with anyone representing the United States Department of Justice (DOJ), at any time.

28. All documents and communications related to any other meetings involving Bailey & Glasser, Senator Sanders' Office, Joshua Diamond, the Vermont Attorney General's Office, the FTC, and/or the United States Department of Justice (DOJ), individually or collectively.

29. All social media postings and/or messages posted or sent or forwarded or received by you, including, but not limited to, Facebook postings/messages and Twitter postings/messages ("tweets"), concerning any of the topics in Request No. 1, above, including any such material that has been deleted.

30. Any and all copies of Complaints, draft Complaints, and/or marked-up Complaints and/or other pleadings or court filings, including, but not limited to, any discussion of or participation in the allegation that the Defendants had "secret meetings."

18732175.1

4